**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0239n.06

No. 13-3980

| | |
|---|---|
| UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT | **FILED**<br>Mar 28, 2014<br>DEBORAH S. HUNT, Clerk |

RITO DOMINGUEZ-HIPOLITO,                    )
                                            )
        Petitioner,                         )
                                            )   ON PETITION FOR REVIEW
v.                                          )   FROM THE UNITED STATES
                                            )   BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General,      )   APPEALS
                                            )
        Respondent.                         )


BEFORE: COLE and SUTTON, Circuit Judges; CLELAND, District Judge.[*]


PER CURIAM. Rito Dominguez-Hipolito, a Mexican citizen, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) decision denying his application for cancellation of removal under 8 U.S.C. § 1229b(b).

In order to be eligible for cancellation of removal, Dominguez-Hipolito was required to prove that he had been physically present in the United States continuously for at least ten years prior to being charged with being removable in December 2009, that he was of good moral character during that period, that he had not been convicted of certain offenses, and that his removal would result in exceptional hardship to his immediate relatives who are citizens or lawful permanent residents of the United States. 8 U.S.C. § 1229b(b)(1), (d)(1).

---

[*] The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

The IJ held a hearing at which Dominguez-Hipolito testified that he was born in Mexico in 1983, came to this country in June of 1999, and remained in this country since that time, with the exception of attending his grandmother's funeral in Mexico in 2001. He worked mainly in landscaping, and supported his two U.S. citizen children; their mother, an undocumented citizen of Mexico; and his parents, who are lawful permanent residents. The IJ concluded that, while Dominguez-Hipolito had no disqualifying convictions, he did not meet any of the other requirements for cancellation of removal. The BIA reached only the issue of continuous physical presence and, finding no error in the IJ's determination that Dominguez-Hipolito had failed to establish his continuous presence in this country for ten years prior to December 2009, dismissed the appeal.

This court has jurisdiction to review the BIA's determination that an applicant for cancellation of removal has not met the continuous physical presence requirement. *Santana-Albarran v. Ashcroft*, 393 F.3d 699, 703 (6th Cir. 2005). This is a factual finding that is reviewed for substantial evidence; we may not reverse the finding unless the evidence compels a contrary conclusion. *See Urbina-Mejia v. Holder*, 597 F.3d 360, 364 (6th Cir. 2010).

The BIA's factual finding that Dominguez-Hipolito had not established the requisite ten years of continuous physical presence is dispositive in this case. Apart from his testimony, the only evidence that he submitted on this issue was affidavits from people who were not present at the hearing. There was evidence in the record that contradicted Dominguez-Hipolito's claim to have entered this country in 1999, including a form that listed his entry date as November 15, 2000, and a form submitted by his father, which Dominguez-Hipolito also signed, stating that he was living in Mexico as of 2001 and had never been to the United States. This is substantial evidence supporting the finding that Dominguez-Hipolito did not establish the requisite ten years of continuous physical presence in this country. Accordingly, we deny the petition for review.